UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------X
GREGORY JOHNSON

                     **COMPLAINT**

                Plaintiff,

     -against-

                            Index No.
                            15-5877
                            Jury Trial Demanded

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, AND NEW YORK CITY
POLICE OFFICERS, "JOHN DOE'S last names
and first names being fictitious, true names being unknown to Plaintiffs,

                Defendants.
-------------------------------------------------------------------------------------X

     Plaintiff GREGORY JOHNSON, by his attorneys, Law Office of David

McGruder, PC complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT:

    1.     This is a civil rights action alleging that the City of New York and several

New York City Police Officers violated plaintiff's rights under 42 U.S.C. §§1983 and

1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States

Constitution, and that on July 6, 2014 and September 21,2014 defendants falsely arrested

him and made false allegations about him to the New York City County District

Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorney's fees and

costs, and such other and further relief as the Court deems just and proper. Plaintiff also

asserts supplemental state law claims.

## JURISDICTION & VENUE:

2.      This action is brought pursuant to 42 U.S.C. Section 1983 and the Fourth and Fifth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1343, and 1367.

3.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391 (b) and (c).

## JURY DEMAND

4.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES:

5.      Plaintiff is a resident of the State of New York who lives in the Bronx.

6.      Defendant CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York.

7.      Defendant Detective   (the "officer") is a member of the New York City Police Department who was acting under color of state law and in his capacity as a City law enforcement officer at all relevant times. Detective is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendant is sued in his individual and official capacity.

## STATEMENT OF FACTS:

**July 6, 2014 Incident:**

7.      On July 6, 2014 between on or near 46th street between 5th and 6th Avenue at approximately 3pm Plaintiff Gregory Johnson was legally selling music composed by him in an area designated to him by the New York City Police Department.

8.      At that approximate place and time members of the New York City Police Department  approached Plaintiff and arrested him for Robbery in the Second Degree (Penal Law Section 160.10).

9.      Plaintiff and another individual were handcuffed and placed on the ground in the middle of the day in midtown and Manhattan as a crowd started to gather to watch the Defendant as he was placed in to a police vehicle in handcuffs.

10.     Plaintiff was then held in the Mid -Town North Precinct and later in Manhattan Central Booking for approximately 24 hours.

11.     Plaintiff then went before a New York City Criminal Court Judge for an arraignment as the New York County District Attorney's Office charged him with Robbery in the Second Degree (P.L. Section 160.10) a Class "C" Violent Felony which carries a minimum of 3 ½ years of state prison and a maximum of 15 years state prison.

12.     Bail was set at $7,500 and Plaintiff was then ordered held at Manhattan Detention Center. The case was adjourned for a short time to what is commonly referred to as the CPL Section 180.80 later that same week.

13.     One day before the court date Plaintiff posted bail through a bail bondsmen costing him a non-refundable fee of approximately $750.00. Plaintiff had been in custody approximately 5 days as a result of the arrest.

14.     The case was then adjourned for a longer date in late September of 2014. On that date the case was dismissed on the motion of the New York County District Attorney's Office due to lack of evidence.

15.     Plaintiff was wrongfully detained for five days after which time defendants continued to prosecute plaintiff for approximately two and one half months wrongfully and without cause.

**September 21, 2014 Incident:**

16.     On or about September 21, 2014, at approximately 11:40pm at or near 44th street and 7th Avenue in New York County (Manhattan) Mr. Johnson was arrested by Officers from the Midtown North Precinct for Robbery in the Second Degree (Penal Law Section 160.10) again.

17.     At the time of his arrest he was engaged in no illegal activity. He was arrested along with a co-defendant Lamar Dobbins.

4

18.     After his arrest he was held at the Mid Town North precinct for several hours and then brought down to Central Booking where he was held longer.

19.     Mr. Johnson was held for a total period of 24 hours before being brought before a New York City Criminal Court Judge.  At his Arraignment the New York County District Attorney's Office formally charged Mr. Johnson with Robbery in the Second Degree (PL Section 160.10) and related charges via a felony complaint.

20.     Because the July 6, 2014 false Robbery Arrest had not yet been dismissed the People were able to now get bail set at $12,000.00 dollars for Mr. Johnson as they were able to compile and exacerbate the previous false arrest.

21.     The case was adjourned for the CPL 180.80 day and Mr. Johnson, with the help of friends and family was able to post bail four days after his arrest as he spent a total of five days in jail.

22.     The case was indicted and sent before Judge Carro where it was dismissed on the motion of the People after two adjournments.  The People again stating on the record that they lacked the necessary evidence to go forward.

23.     Mr. Johnson was unlawfully held a total of approximately 10 days for the above mentioned false arrests.  He was unlawfully prosecuted for approximately five months in total by the New York County Prosecutors office.

### Federal Claims

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

14.     Plaintiff repeats and re-alleges each allegation contained in Paragraphs "1"
through "14" with the same force and effect as if fully set forth therein.

15.     By the aforesaid acts, Defendants have violated Plaintiff's rights to the equal
protection of laws under the Fourteenth Amendment to the United States Constitution,
thereby giving rise to a cause of action pursuant to 43 U.S.C. § 1983.

16.     All of the aforementioned acts deprived plaintiff Gregory Johnson of the rights,
privileges and immunities guaranteed to citizens of the United States by the Fourth and
Fourteenth Amendments to the Constitution of the United States of America, and in
violation of 42 U.S.C. § 1983.

17.     The acts complained of were carried out by the aforementioned individual
defendants in their capacities as police officers, with the entire actual and/or apparent
authority attendant thereto.

18.     The acts complained of were carried out by the aforementioned individual
defendants in their capacities as police officers, pursuant to the customs, usages,
practices, procedures, and the rules of the CITY OF NEW YORK and the New York City
Police Department, all under the supervision of ranking officers of said department.

6

19.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

20.     As a result of the foregoing, plaintiff GREGORY JOHNSON, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment Under 42 U.S.C. §1983)

21.     Plaintiff repeats and re-alleges every allegation contained in paragraphs "1" through "20" with the same force and effect as if fully set forth herein.

22.     Defendants arrested plaintiff GREGORY JOHNSON without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

23.     Defendants caused plaintiff GREGORY JOHNSON to be falsely arrested and unlawfully imprisoned.

24.     As a result of the foregoing, plaintiff GREGORY JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR THE THIRD CAUSE OF ACTION
(Malicious Prosecution)

25.     Plaintiff repeats and re-alleges each allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26.     Defendants intentionally and knowingly provided false evidence, testimony, and/or information to the prosecution and its agencies involved herein in an effort to conceal their wrongful actions.

27.     Based on Defendants' deliberate actions as set fort above, Plaintiff was falsely and maliciously prosecuted by the New York County District Attorney's Office.

28.     The plaintiff was compelled to defend himself against the false charges that were filed against him.

29.     Initially, the Plaintiff was charged twice with two "C" violent felony of Robbery in the second degree which carries a penalty of up to 30 years state prison followed by 5 years of post release supervision.

8

**AS AND FOR THE THIRD CAUSE OF ACTION**
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

30.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "29"  with the same force and effect as if fully set forth herein.

31.    The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

32.    As a result of the foregoing, plaintiff Gregory Johnson was deprived of his liberty and right to substantive due process due process, causing emotional injuries.

33.    As a result of the foregoing, plaintiff Gregory Johnson is entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

34.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.    Defendants had an affirmative duty to intervene on behalf of plaintiff GREGORY JOHNSON, whose constitutional rights were being violated in their presence by other officers.

9

36.    The defendants failed to intervene to prevent the unlawful conduct described herein.

37.    As a result of the foregoing, plaintiff GREGORY JOHNSON's liberty was restricted for an extended period of time, put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

38.    As a result of the foregoing, plaintiff GREGORY JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR THE FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

39.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through " 38" with the same force and effect as if fully set forth herein.

40.    The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

41.    As a result of the foregoing, plaintiff GREGORY JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, is are further entitled to

punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## Supplemental State Law Claims

42.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Within ninety (90) days after the claims herein accrued, plaintiffs duly served upon, presented to, and filed with the CITY OF NEW YORK, Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

44.     The CITY OF NEW YORK has wholly neglected or refused to make any adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

45.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

46.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

47.     This action falls within one or more of the exceptions as outlined in C.P.L.R.
1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

48.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs
numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     By the aforesaid acts, defendants have unlawfully and unjustifiably arrested and
detained Plaintiff without any lawful cause whatsoever. Defendants acted willfully,
unlawfully, maliciously, recklessly, and negligently in arresting and detaining Plaintiff,
despite Plaintiff's innocence.

50.     The Defendants' tortuous conduct, as set forth above herein, directly resulted in
the Plaintiff being wrongfully subjected to physical restraints, imprisoned, brought before
a court, arraigned, fingerprinted, processed, and having bail set, to ultimately be released
on his own recognizes.

51.     As a result of the aforementioned conduct, plaintiff GREGORY JOHNSON
suffered physical and mental injury, together with embarrassment, humiliation, shock,
fright, and loss of freedom.

52.     As a result of the foregoing, plaintiff GREGORY JOHNSON is entitled to
compensatory damages in an amount to be fixed by a jury, and is further entitled to

punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

### AS AND FOR THE SEVENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

53.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     As a result of defendants' conduct, plaintiff GREGORY JOHNSON, was deprived of his right to security against unreasonable searches, seizures, and interceptions.

55.     As a result of the foregoing, plaintiff GREGORY JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR THE EIGTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

56.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through " 55" with the same force and effect as if fully set forth herein.

57.  Plaintiff's injuries were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

58.  As a result of the foregoing, plaintiff GREGORY JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A NINTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

59.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" though "58" with the same force and effect as if fully set forth herein.

60.  Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

61.  As a result of the foregoing, plaintiff GREGORY JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE,** plaintiff GREGORY JOHNSON demands judgment and prays for the following relief, jointly and severally, against the defendant:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendant in an amount to be determined by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
July   20, 2015

Law Office of David McGruder, PC
1825 Park Ave., Suite 1102
New York, NY 10035
(212) 747-9311

By: _____
David McGruder (NY        )

Attorney for Plaintiff Gregory Johnson

15